# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STARLA KITTLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-18-720-D |
| v. | ) |
| | ) |
| HARAV, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Preclude Service of Subpoena Duces Tecum, Motion to Quash Subpoena Duces Tecum, Motion for Protective Order, and Motion for Alternative Subpoena [Doc. No. 24]. Defendant has responded in opposition. The matter is fully briefed and at issue.

### BACKGROUND

This case arises out of a motor vehicle accident on February 7, 2017, on Interstate 35, north of the Lindsey Street exit in Norman, Oklahoma. Plaintiff alleges that Defendant's employee/driver was driving commercial truck northbound on Interstate 35 and "negligently and recklessly changed lanes and collided with Plaintiff's vehicle." [Doc. No. 1-2 ¶ 3]. According to Plaintiff, Defendant's driver left the scene of the accident without exchanging information with Plaintiff, without checking on Plaintiff, and without rendering aid to Plaintiff. Plaintiff intends to call Robert Abraham as a witness at trial. Mr. Abraham reportedly was an eyewitness to the accident. Mr. Abraham was deposed by Defendant's counsel. Following the deposition, Defendant noticed its intent to subpoena

records from Pro Box Portable Storage ("Pro Box"), Mr. Abraham's former employer. Defendant asserts that Mr. Abraham was a driver for Pro Box at the time of the accident. Defendant clarifies in its response [Doc. No. 29 at 2-3] what records it intends to request from Pro Box:

1. Abraham's driver qualification file, excluding any protected health information;

2. Abraham's driver's logs from February 1, 2017 through February 8, 2017;

3. Abraham's time sheets from February 1, 2017 through February 8, 2017;

4. Abraham's trip-related documents from February 7, 2017; and

5. Any disciplinary or termination notices related to Abraham's driving performance, driving record, or acts of dishonesty.

Plaintiff asserts that the production request is overly broad and seeks irrelevant, abusive, harassing, and personal materials concerning Mr. Abraham, a non-party. Plaintiff asks the Court to either preclude service of the subpoena, quash the subpoena, enter a protective order, or enter an alternative limited subpoena duces tecum. Defendant presents several arguments – the first of which is that Plaintiff does not have standing to challenge Defendant's subpoena. Because this issue is dispositive, the Court will resolve it first.

## DISCUSSION

Pursuant to FED. R. CIV. P. 45(d)(3)(A), an issuing court, upon timely motion, must quash or modify a subpoena that falls into certain categories specified in the Rule, including a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or a subpoena that "subjects a person to undue burden." FED. R. CIV. P.

45(d)(3)(A)(iii) and (iv). Decisions applying Rule 45(d)(3)(A) require a court to consider the movant's standing. The general rule is that only the person to whom the subpoena is directed has standing to object to its issuance. *See, e.g., Public Service Co. of Okla. v. A Plus, Inc.*, Case No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011); *Scallion v. Richardson*, Case No. CIV-17-992-G, 2018 WL 6037536, at *2 (W.D. Okla. Nov. 16, 2018). An exception to that rule occurs where the challenging party asserts a personal right or privilege with respect to the materials subpoenaed. *Id*; *see also Shirazi v. Childtime Learning Center, Inc.*, Case No. CIV-07-1289-C, 2008 WL 4792694, at *1 (W.D. Okla. Oct. 31, 2008).

To satisfy the standing requirement, the movant must specifically identify the personal right or privilege on which she relies. *A Plus, Inc.*, 2011 WL 691204, at *3; *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). Plaintiff does not address standing in her motion to the Court and has not filed a reply to Defendant's response, which raised the issue of standing. The time to file a reply brief has long passed. Although Mr. Abraham or Pro Box would have standing to object to the issuance of the subpoena, Plaintiff has no personal right to Mr. Abraham's employment records and Plaintiff's right of privacy is not implicated in any way by the disclosure of Mr. Abraham's personnel records. Further, the production efforts by Pro Box do not impose an undue burden on Plaintiff. Thus, Plaintiff does not have standing to seek to quash or modify Defendant's subpoena.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff lacks standing to challenge the subpoena duces tecum to Pro Box for Mr. Abraham's records pursuant to Fed. R. Civ. P. 45(d)(3)(A). Accordingly, Plaintiff's Motion to Preclude Service of Subpoena Duces Tecum, Motion to Quash Subpoena Duces Tecum, Motion for Protective Order, and Motion for Alternative Subpoena [Doc. No. 24] is **DENIED**, as set forth herein.

**IT IS SO ORDERED** this 15th day of November 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge