# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STARLA KITTLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-720-D ) |
| HARAV, L.L.C., | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Partial Summary Judgment [Doc. No. 40], filed pursuant to FED. R. CIV. P. 56. Plaintiff responded in opposition [Doc. No. 62], and Defendant replied [Doc. No. 69]. The matter is fully briefed and at issue.

Defendant moves for summary judgment on Plaintiff's negligent hiring, training, supervision, and entrustment claims. Defendant also seeks entry of judgment as a matter of law on Plaintiff's negligence per se claims that are premised on certain provisions of Oklahoma's Highway Safety Code, OKLA. STAT. tit. 47, ch. 11. Finally, Defendant asks the Court to dismiss Plaintiff's request for punitive damages. Because there are disputed facts material to most of these issues, the Court denies in part and grants in part Defendant's Partial Motion for Summary Judgment [Doc. No. 40].[1]

---

[1] The Court does not reach the parties' objections to testimony and evidence in support and in opposition of the motion as they do not bear on the Court's analysis.

## BACKGROUND

This case arises out of a motor vehicle accident on February 7, 2017, at approximately 1:52 p.m., on Interstate 35, near the Lindsey Street exit in Norman, Oklahoma. The accident, which occurred in a construction zone, involved a 2007 Maroon commercial truck driven by an unknown driver and a 2008 Toyota RAV4 driven by Plaintiff. Plaintiff alleges that Defendant, through an unnamed agent, servant, or employee, was driving a tractor-trailer northbound on I-35 near the Lindsey Street exit when the driver "negligently and recklessly changed lanes," causing a collision with Plaintiff's vehicle. Pet. at ¶ 3. Although Defendant admits that on February 7, 2017, at approximately 1:52 p.m., Ronald Powell was operating a tractor-trailer in the course and scope of his agency with Defendant, Defendant does not admit that its truck or Mr. Powell were involved in the alleged accident. Def.'s Mot. for Summary J. at 5, 8–9 [Doc. No. 40]. Rather, Defendant asserts that "*if the jury finds* that its 2007 Maroon semi was involved in an accident with [Plaintiff], then Ronald Powell was its agent and was acting in the course and scope of his agency." *Id*. at 9 (emphasis added).

## STANDARD OF DECISION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1315 (10th Cir. 2017) (quoting FED. R. CIV. P. 56(a)). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d

1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). At the summary judgment stage, the Court views the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Williams v. FedEx Corp. Services*, 849 F.3d 889, 896 (10th Cir. 2017).

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the movant meets that burden, the nonmovant must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671; *see also* FED. R. CIV. P. 56(c)(1)(A). To accomplish this, the nonmovant must identify facts by reference to the pleadings, depositions, other discovery materials, exhibits or affidavits. *Id.* The Court is not limited to the cited materials, but rather may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court's inquiry is whether the facts and evidence of record present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Unsupported conclusory allegations are not sufficient to defeat summary judgment. *Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1247 (10th Cir. 1999).

# DISCUSSION

**I.   Defendant cannot stipulate that Mr. Powell was acting within the scope of his employment and also argue that Mr. Powell was not acting at all. Accordingly, Plaintiff's negligent hiring, training, and supervision claim survives summary judgment.**

Plaintiff alleges that the negligence of Defendant's unnamed agent caused the accident and that Defendant is vicariously liable for Plaintiff's injuries under the theory of *respondeat superior*. Additionally, Plaintiff alleges that Defendant is directly liable under a negligent training, hiring, and supervision cause of action. Defendant asserts that Plaintiff's negligent hiring, training, and supervision claim is superfluous and should be summarily adjudicated since Defendant "admits that *if the jury finds* that its 2007 Maroon semi was involved in an accident with [Plaintiff], then Ronald Powell was its agent and was acting in the course and scope of his agency." Def.'s Mot. for Summary J. at 16 (emphasis added) [Doc. No. 40].

In support of its argument, Defendant relies on the seminal case of *Jordan v. Cates*, 935 P.2d 289, 294 (Okla. 1997). In *Jordan*, a store visitor was involved in an altercation with an employee of the store. *Id*. at 291. The visitor alleged that during the altercation the employee assaulted and battered him. *Id*. He sought to recover against the store for its vicarious liability under the theory of *respondeat superior*. *Id*. Additionally, he brought a separate claim directly against the store for negligent hiring and retention of the employee. *Id*.

Recognizing the required elements to confer *respondeat superior* liability, the employer stipulated that the altercation occurred while its employee was acting within the

4

scope of his employment and that it would be liable for any damages awarded by the jury. *Id*. at 292. In light of this admission, the trial court granted summary judgment to the employer on the negligent hiring and retention claim. *Id*. The Oklahoma Supreme Court upheld the grant of summary judgment, concluding that:

> [T]he theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established. In the case at bar, vicarious liability has been established through stipulation . . . . Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer.

*Id*. at 293.

Two years later, the Oklahoma Supreme Court reiterated this limitation on employer liability: while "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee[,] . . . th[is] theory of recovery is available if vicarious liability is not established." *N.H. v. Presbyterian Church (U.S.A.),* 998 P.2d 592, 600 (Okla. 1999).

Thus, Defendant is correct that a separate negligent hiring, training, and supervision claim would be superfluous in a case where vicarious liability has been established through stipulation. Here, however, Defendant does not stipulate to vicarious liability. Although Defendant admits that on February 7, 2017, at approximately 1:52 p.m., Ronald Powell was operating a tractor-trailer in the course and scope of his agency with Defendant, Defendant does not admit that its truck or Mr. Powell were involved in the alleged accident. Def.'s Mot. for Summary J. at 5, 8–9 [Doc. No. 40]. Rather, Defendant asserts that "*if the jury finds* that its 2007 Maroon semi was involved in an accident with [Plaintiff], then

5

Ronald Powell was its agent and was acting in the course and scope of his agency." *Id*. at 9 (emphasis added).

Simply put, Defendant cannot have it both ways. It cannot stipulate that Mr. Powell was acting within the scope of his employment but also argue that Mr. Powell was not acting at all.

Because the underlying question of fact remains regarding the identity of the driver and the vehicle involved in the accident, summary judgment on this issue is inappropriate.

## II. Because proximate cause is in dispute and must be submitted to a trier of fact, Plaintiff's negligent entrustment claim survives summary judgment.

Defendant asserts that there is no evidence upon which a jury could reasonably determine that Defendant negligently entrusted Mr. Powell with a vehicle and that, consequently, Plaintiff's negligent entrustment claim fails as a matter of law. Before the Court can address Defendant's argument, it must be satisfied that there are no material facts in dispute concerning the negligence of Defendant's agent. A "necessary element of a claim for negligent entrustment" is that Plaintiff's injury "result[ed] from the driver's careless and reckless operation of the vehicle." *Clark v. Turner*, 99 P.3d 736, 743 (Okla. Civ. App. 2004).

With negligent entrustment claims, it is "the negligence of the driver that provides the causal connection necessary to establish liability in tort between the negligence of the entrusting owner and injuries sustained by the plaintiff." *Id*. at 743–44. In other words, "liability is not derivative"—it is dependent. *Id*. at 744. As the Oklahoma Supreme Court explained in *Anthony v. Covington*, 100 P.2d 461 (Okla. 1940), "if an accident occurs in

which the driver is not negligent, there is no causal connection between the owner's precedent negligence and the injury itself." Thus, where the identity of the driver is disputed, a material issue of fact exists as to Plaintiff's negligent entrustment claim.

Again, Defendant disputes whether Mr. Powell was involved in the accident. The negligence of Mr. Powell is a threshold issue that the Court must decide before it can evaluate Plaintiff's negligent entrustment claim. Because the identity—and consequently the negligence—of the driver remains for a jury to determine, the Court cannot reach a conclusion on Plaintiff's negligent entrustment claim. Thus, it survives summary judgment.

### III. Plaintiff's negligence per se claims premised on §§ 11-801 and 11-901b are subsumed by her common law *respondeat superior* negligence claim.

Defendant also seeks summary judgment on Plaintiff's negligence per se claims that rely on OKLA. STAT. tit. 47, §§ 11-801 and 11-901b. Under the negligence per se doctrine, statutory standards of care replace parallel common law duties of care. *Howard v. Zimmer, Inc.*, 299 P.3d 463, 467 (Okla. 2013). The violation of the statute constitutes "negligence per se." *Id*.

To establish negligence per se, a plaintiff must show that the statutory violation caused the claimed injury; that the claimed injury was the type of injury the statute envisioned protecting; and that the injured party is among the class the statute intended to protect. *Id*. "Liability per se enables plaintiffs to establish as a matter of law that the defendant's conduct constituted a breach of duty in a negligence action, so that only causation and damages need be proven." *Id*.

Two "rules-of-the-road" statutes relied on by Plaintiff "do not impose any positive objective standards nor do they prescribe any greater or lesser degree of care than that required of a driver under the prevailing rules at common law." *Wade v. Reimer*, 359 P.2d 1071, 1073 (Okla. 1961) (concluding that an additional charge on negligence per se, when applied to the statute under discussion, would have been at most redundant). The language in the statute at issue in *Wade* is identical to the language in OKLA. STAT. tit. 47, § 11-801(a).[2]

In *Smith v. Barker*, 419 P.3d 327, 333 (Okla. Civ. App. 2017), the Oklahoma Court of Civil Appeals concluded that the statutory duties imposed upon the operator of a vehicle under several rules-of-the-road statutes, including OKLA. STAT. tit. 47, § 901b (devoting full time and attention to driving), were "undefined or defined only in abstract general terms." *Smith*, 419 P.3d at 333. Accordingly, Plaintiff's negligence per se claims premised on §§ 11-801 and 11-901b are subsumed by her common law *respondeat superior* negligence claim.

The Court finds that Plaintiff's negligence per se claim premised on OKLA. STAT. tit. 47, § 11-901 (reckless driving), however, survives summary judgment. The Tenth Circuit in *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1222 (10th Cir. 2008), upheld a negligence per se instruction under the first portion of § 11-901(A), which states "[i]t

---

[2] A vehicle shall be operated "at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing" and "[n]o person shall drive . . . at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead." OKLA. STAT. tit. 47, § 11-801(a); *see also Wade*, 359 P.2d at 1073.

shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property." *Henning*, 530 F.3d at 1222; *see also* OKLA. STAT. tit. 47, § 11-901(A).[3] Because the identity of the driver and the vehicle are disputed, summary judgment on this claim is inappropriate.

## IV. Plaintiff's claim for punitive damages survives summary judgment.

"Under Oklahoma law, an employer may be held vicariously liable for the punitive damages arising out of an employee's act if: 1) a master/servant relationship exists between the employer and employee; and 2) the act was committed while the employee was acting within the scope of employment." *Bierman v. Aramark Refreshment Services, Inc.*, 198 P.3d 877, 884 (Okla. 2008). Here, Defendant admits that a master/servant relationship existed between itself and Mr. Powell, and that if a jury finds Mr. Powell liable, he was acting within the scope of his employment. Punitive damages may be assessed against an employer for an employee's act under the doctrine of *respondeat superior*. *Id*. Further, there is no requirement that an employer participate or ratify an employee's conduct to be liable for punitive damages arising from the doctrine of *respondeat superior*. *Id*. Plaintiff's *respondeat superior* claim survives summary judgment, and thus, Plaintiff's claim for punitive damages under that doctrine survives as well.

---

[3] A negligence per se claim premised on the latter portion of § 11-901(A), which relies on the conditions outlined in § 11-801, does not survive summary judgment for the same reasons that a claim premised on § 11-801 does not.

## CONCLUSION

Accordingly, Defendant's Motion for Partial Summary Judgment [Doc. No. 40] is **GRANTED** in part and **DENIED** in part. Defendant is entitled to summary judgment on Plaintiff's negligence per se claims premised on OKLA. STAT. tit. 47, §§ 11-801 and 11-901b. Plaintiff's remaining claims survive summary judgment.

**IT IS SO ORDERED** this 10th day of March 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge